[No. 573.    September 4, 1896.]

UNITED STATES OF AMERICA, APPELLEES, v. STEPHEN M. FOLSOM, APPELLANT.

The defendant in this cause was convicted of a violation of the banking law, and appealed.  The judgment was affirmed (7 N. M. 532), and a suspension of sentence was asked by the attorney general of the United States, which was denied.  No opinion filed.

APPEAL, from the Second Judicial District Court, Bernalillo County.    Suspension of sentence denied; HAMILTON, J., dissenting.

F. W. CLANCY and NEILL B. FIELD for appellant.

W. B. CHILDERS for United States.

HAMILTON, J. (dissenting).—I regret that I find it necessary, in obedience to my own convictions, to record my dissent to the conclusions reached by the

court in ordering the sentence to be executed in this cause. When the attorney general, some weeks ago, through the United States attorney, indicated his wish to have no steps taken, and expressed a desire that the execution of the sentence be suspended for the present, I was then impressed with the view that this desire of the attorney general should be respected, and that the execution of the sentence should not be enforced at this time. Subsequent reflection has confirmed me in the opinion I then had.

While it may be admitted that the judicial branch of the government possesses the absolute right to the exclusive control of the administration of all business distinctively within its department; that it has the power to regulate and control its proceedings, render and execute its judgments and decrees, so long as it acts within the limit of that constitutional and legislative authority by which it is created and controlled; and while it may be true that this right can not be taken away, limited, suspended, or controlled by any other department of the government, save by legislative authority, yet it is also true that conditions may arise, facts and circumstances may have occurred in the trial and conviction of a person charged with a crime under the laws of the United States, which make it not only legal and proper, but a matter of justice, that the court should give heed to the reasonable request of another department of the government as to the time and manner of enforcing the judgment and sentence under that trial. Especially is it so when we conclude that to grant this request no harm can come to the government, and to refuse the request injustice may be done to the citizen. The department of justice, through the attorney general and his subordinate officers, has the management, direction, and control of all the prosecutions arising under the laws of the United States. These officers investigate offenses, prepare indictments

in cases where they are required, manage and direct all trials on behalf of the government, and often discontinue or dismiss a prosecution which, in their judgment, ought not to be continued; and the court rarely, if ever, denies or disputes their right to do so. They being sworn officers of the court and of the government, and having the interest of the latter specially in charge, the court has a right to assume that they are guided in their course by a due regard for the proper administration of public justice. The defendant in this case was indicted, tried, and convicted in the Second judicial district court of this territory for a violation of the provisions of the laws relating to national banks. He brought the case to this court, where the judgment was affirmed. Feeling himself aggrieved by that decision, he sought to take his case to the appellate court for review, but the supreme court of the United States held that there was no existing law authorizing a review of the case, and it was sent back. Pending these proceedings, a bill was introduced, and is now pending in congress, which enlarges the jurisdiction of the circuit court of appeals of the United States so as to permit a review by that court of this class of cases. Pending this legislation the defendant has laid before the attorney general of the United States a copy of the record of his trial and conviction, and has petitioned for a suspension of his sentence until it is ascertained if the coming congress will adopt the legislation giving a right of review in the appellate court in this class of cases. The attorney general has investigated the case, and found, as I must conclude, sufficient merit in the appeal to request a suspension of the sentence, and he asks that no action be taken in the execution of the sentence at this time. It is our duty to respect this request, and delay the execution of the sentence, or ignore the request, and imprison the defendant, pending his possible right of appeal to a higher court. A

majority of the court have determined on the latter course; a conclusion to which I can not agree. If this request came from the defendant himself, it might not commend itself to my favorable consideration; but coming, as it does, from the side of the government whose interests are managed and controlled by the attorney general, through whose department this conviction was secured, he, after giving the matter investigation, and prompted, as I conceive, by a desire to see that justice is done alike to the government and the defendant, has made the request that no action be taken in the matter at this time; and I believe it to be due him, and but justice to the defendant, to yield to his request.

I was not a member of this court at the time of the trial, or at the time of the affirmance of the judgment by this court, and consequently, from the record, I know nothing as to the trial or the verdict. I may assume, however, that the trial was proper, and the verdict was correct; still I must also believe that the attorney general, after an investigation of the record of the conviction, has discovered therein sufficient merit in the appeal of the defendant to justify him in the conclusion that an opportunity should be given to the defendant to have the case reviewed by the appellate tribunal, and that a stay of sentence should be had until it is ascertained if this can be done. It may be said that the action of the attorney general in this regard is unusual. May it not also be true that upon an investigation of the case he has come to the conclusion that the government would suffer no injury by the delay, and that a due regard for the rights of the defendant has led him to the adoption of this course? Suppose the right of review should be given, and the appellate court should determine that there was error in the trial, and reverse the cause. Then the sentence now imposed by the court in that event would be both

improper and unjust to the defendant.   On the other
hand, if no review is allowed, or if, on such review, the
case should be affirmed, then no harm or injustice is
done to the government, so long as defendant is under
good and sufficient bond to submit to the sentence
which may be imposed upon him.   If the trial at which
he was convicted should prove tò be erroneous, to im-
pose the sentence now would, in my judgment, but
force him to submit to an unjust imprisonment, based
upon an erroneous trial, and thus visit upon him an
unjust punishment founded upon an illegal verdict.   I
am fully persuaded that a due and proper administra-
tion of justice does not require us to execute a sentence
and visit a punishment which may lead to such a possi-
bility.   I am constrained, therefore, in view of the
desire expressed by the attorney general, to dissent
from the action of the court in ordering the sentence
executed upon the defendant at this time.